UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-14020-CIV-MOORE/LYNCH

JAMES D. GENTRY, et al.,

    Plaintiffs,

vs.

HARBORAGE COTTAGES-STUART,
LLLP, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Consolidated Motion to Dismiss (dkt # 17).

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

This case involves a group of individuals who contracted to purchase pre-construction condominiums. In February and March of 2005, Plaintiffs each entered into a purchase agreement (the "Purchase Agreements") with Harborage Cottages-Stuart, LLLP ("Harborage") to purchase condominiums in Harborage Yacht Condominium in Martin County, Florida. Plaintiffs allege that Harborage made a number of misrepresentations in written materials provided to the buyers, including the Harborage Site Plan, the Master By-Laws, the Dock-Slip Representations, and marketing and promotional materials.

The alleged misrepresentations include that the condominiums: (1) are a "luxury

development;" (2) are "extraordinary;" (3) "blend tropical charm with contemporary elegance;" (4) "combine materials and finishes of exceptional quality with timeless craftsmanship;" (5) "consistently delivers products and service of the highest caliber to clients and residents;" (6) "provide spacious patios from which to enjoy glorious sunrises over the water;" (7) that Alice Avenue would be accessible to vehicular traffic; (8) that the riverwalk/boardwalk behind the property would only be accessible to property owners and closed to the general public; (9) that the second set of docks to the North were to be used by members of the Harborage Yacht Club & Marina and property owners and closed to the general public; (10) that unassigned parking spaces were to be used as additional parking and unavailable for use by the general public; and (11) that no buildings or structures exist in the area to the South designated as the Future Development Site where a large corrugated steel building is located.

Certain Plaintiffs also paid deposits to Northside Marina Venture, LLC ("Northside"), for Yacht Slip Membership to the Harborage Yacht Club & Marina (the "Membership Agreement"), in reliance on the Dock Slip Agreements, which allegedly led the buyers to believe they would be able to purchase a dock slip at the marina. Plaintiffs' allege that they relied on the misrepresentations upon entering into the Purchase Agreements and Membership Agreements (collectively, the "Agreements"). Plaintiffs now seek to rescind the Agreements and recover their deposits because the condominiums and facilities do not conform to representations relied upon by the buyers when they entered into the Agreements and because the Agreements violate state and federal law.[1] Plaintiffs' claims include: (1) violation of the Interstate Land Sales Full Disclosure Act; (2)

---

[1] Plaintiffs filed complaints in six separate actions. The cases were consolidated by this Court's Order dated February 29, 2008 (dkt # 8).

rescission pursuant to § 718.506, Florida Statutes; (3) breach of contract; (4) declaratory judgment; (5) violation of the Florida Deceptive and Unfair Trade Practices Act; (6) fraudulent misrepresentation; (7) negligent misrepresentation; (8) and rescission and/or cancellation. Defendants seek to dismiss the claims for rescission pursuant to § 718.506, breach of contract and for a declaratory judgment.

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (*overruled on other grounds by* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959-60 (2007) (citation omitted)).

## III.    ANALYSIS

### A.    Publication of False and Misleading Information

Section 718.506, Florida Statutes, provides, in relevant part:

3

> Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

§ 718.506(1), Fla. Stat. "'[R]eliance on fraudulent misrepresentations is unreasonable *as a matter of law* where the alleged misrepresentations contradict the express terms of the ensuing written agreement.'" Garcia v. Santa Maria Resort, Inc., 528 F.Supp.2d 1283, 1295 (S.D.Fla. 1999) (emphasis in original) (quoting Eclipse Med., Inc., v. Am. Hyrdo-Surgical Instruments, Inc., 262 F. Supp.2d 1334, 1342 (S.D.Fla. 1999); Barnes v. Burger King Corp., 942 F. Supp. 1420, 1428 (S.D.Fla. 1996); Acquisition Corp. of Am. v. FDIC, 760 F. Supp. 1558, 1561 n.6 (S.D.Fla. 1991). "[A] party has no right to rely upon alleged oral misrepresentations that are adequately covered and expressly contradicted in a later written contract." Id. Here, the Purchase Agreements contain a provision which states, in relevant part:

> This Agreement contains the entire understanding between Buyer and Seller. Any current or prior agreements, representations, understandings or oral statements of sales representatives or others, if not expressed in this Agreement, the Condominium Documents or in brochures for the Condominium, are void and have no effect. Buyer agrees that Buyer has not relied on them.

Purchase Agreements, ¶ 39. The Purchase Agreements also state that "[n]othing herein shall be deemed to deny or abridge the rights granted under Section 718.506, Florida Statutes." Purchase Agreements, ¶ 14. To the extent that any alleged misrepresentations were oral statements, Plaintiff's cannot have reasonably relied on them given the terms of the Purchase Agreements precluding reliance on oral representations. *See* Purchase Agreements, pg. 1 (first unnumbered paragraph), and ¶ 39; Garcia, 528 F. Supp.2d at 1295.

4

However, at least some of the alleged misstatements were contained in the condominium documents and brochures, including the Harborage Site Plan, the Master By-Laws, the Dock-Slip Representations, and marketing and promotional materials. Therefore, reliance on paragraph 39 of the Purchase Agreements does not preclude Plaintiffs' claims. Nor are there any terms in the Purchase Agreements contradicting the alleged misrepresentations. Moreover, assuming the representations were false for purposes of this motion to dismiss, the statements collectively reach the threshold for alleging a material misstatement. *See* Huggins v. Marriott Ownership Resorts, Inc., 07-cv-1514-Orl-22KRS (ACC), 2008 WL 552590, at *3 (M.D.Fla. 2008) (reversing grant of motion to dismiss where unit was 90 square feet less than promised); Klinger v. Zaremba Condominium, 502 So.2d 1252, 1254 (Fla. 3d DCA 1986) (stating that although developers did not have to complete final phases of construction, if construction was completed, elimination of jogging path and outdoor track around a lake would be a substantial deviation from developer's representations); Aaronson v. Susi, 296 So.2d 508, (Fla. 3d DCA 1974) (finding that conversion of a planned recreational area into an additional apartment was a substantial deviation from developer's initial representation). Therefore, Plaintiffs have sufficiently alleged a claim pursuant to § 718.506.

B.  Breach of Contract

Plaintiffs have not adequately alleged a claim for breach of contract. "The elements for an action for breach of contract are: (1) a contract; (2) a breach of the contract; and (3) damages resulting from the breach of contract." Warfield v. Stewart, 07-cv-332-T-27DNF (JDW), 2007 WL 3378548, at *6 (M.D.Fla. 2007) (citing Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006). "Parties must also prove performance of their obligations under the contract in order to maintain a cause of action for breach of contract." Id. Here, Plaintiffs allege that Defendants have breached the

terms of the Purchase Agreements by: (1) failing to complete construction in accordance with the representations made; (2) the poor quality of construction; and (3) the presence of a corrugated steel building on the Future Developments Site. These allegations echo the factual assertions underlying Plaintiffs' claims that Defendants' misrepresentations induced them to enter into the Purchase Agreements. However, these allegations fail to provide sufficient reference to a specific term of the Purchase Agreements that was breached. *See* Henrion v. New Era Realty IV, Inc., 586 So.2d 1295, 1297 (Fla. 4th DCA 1991) (stating that breach of contract claim was dismissed because allegations did not reference specific obligation in the contract that was breached). Moreover, even after careful scrutiny of the Purchase Agreements, this Court is unable to discern from the pleadings which provision these allegations suggest Defendants have breached.

On the contrary, the language of the Purchase Agreements give the developer broad leeway to make changes to the construction specifications, including changes relating to plan specifications, dimensions, and square footage. Purchase Agreements, ¶ 14. The Purchase Agreements contain no obligations concerning the quality of interior fixtures such as cabinets, countertops, flooring, etc. Purchase Agreements, ¶ 15. The Purchase Agreements also disclaim any obligations concerning obstructed views. Purchase Agreements, ¶ 30. Therefore, given the vague and factually limited pleadings concerning the breach of contract claim and this Court's inability to discern which of the provisions were allegedly breached, Plaintiffs have failed to sufficiently state a claim for breach of contract.

This conclusion is not inconsistent with the finding that Plaintiffs have sufficiently pleaded a cause of action under § 718.506. Section 718.506 governs representations made to buyers prior to entering into a purchase agreement. The requisite analysis does not require reference to the

6

agreement itself except to ensure that the alleged misrepresentation does not contradict an express term of the agreement. *See* Garcia, 528 F.Supp.2d at 1295. In the case of a breach of contract claim, however, the essence of the claim is that some provision of the agreement has been breached. Where the facts pleaded are insufficient to determine which of the provisions may have been breached, the claim cannot survive a motion to dismiss.

C. Declaratory Judgment Action

The Declaratory Judgment Act "confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. Wilton v. Seven Falls Co., 515 U.S. 277, 284 (1995). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment. Old Rep. Union. Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1260 (11th Cir. 1997). Here, the claim for a declaratory judgment is superfluous because Plaintiffs other claims will resolve all the disputed issues before this Court. Therefore, this Court exercises its discretion to dismiss the claim for a declaratory judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Consolidated Motion to Dismiss (dkt # 17) is GRANTED IN PART. The Motion is GRANTED with respect to the breach of contract claim and the declaratory judgment action. The Motion is DENIED with respect to the claim brought pursuant to § 718.506.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record